IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ESCOBEDO,

    Petitioner,               No. 2:09-cv-2204 WBS KJN P

    vs.

J. HARTLEY, Warden,

    Respondent.           ORDER

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases.  Therein, respondent argues that petitioner has failed to state a cognizable claim for federal habeas relief. Petitioner has opposed the motion.  For the reasons stated below, the court orders that respondent's motion to dismiss is granted, with leave for petitioner to file an amended petition.

        In 1996, petitioner was convicted in the Sacramento County Superior Court of second degree murder with the use of a firearm, and was sentenced to an indeterminate term of 19 years to life in state prison.

        On August 10, 2009, petitioner filed a petition for writ of habeas corpus, alleging

1

that the retroactive application of "California Penal Code § 3041(a)(2)(3), Proposition 9," exposes petitioner to a significant risk of prolonged incarceration and a more severe punishment in violation of the Ex Post Facto Clause. (Am. Pet. at 4.) Petitioner also alleges a deprivation of "good-time, work-time and pre and post-confinement" credits. (Am. Pet. at 4.) On August 6, 2010, respondent filed the pending motion to dismiss, alleging this action should be dismissed based on petitioner's failure to allege an actual injury. (Id. at 3.) Petitioner filed an opposition to that motion on August 23, 2010, claiming he is not challenging a denial of parole or California Penal Code § 3041.5. (Opp'n at 1.) Petitioner reinforces his challenge to California Penal Code § 3041(a)(2)(3), and states this statute is depriving him of good-time, work-time and conduct credits. (Opp'n at 1.) Respondent filed a reply on August 31, 2010, noting that California Penal Code § 3041(a) does not contain a subpart (2) or (3), and renewing the motion to dismiss on the ground that petitioner has failed to explain "when, how, or how many credits" petitioner allegedly has been denied, thus failing to establish an injury in fact. (Id. at 2, citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 540 (1992).)

II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"); Vargas v. Adler, 2010 WL 703211, at *2 (E.D. Cal. 2010) (granting motion to dismiss a habeas claim for failure to state a cognizable federal claim). Moreover, the Advisory Committee Notes to Rule 8 of the Rules Governing Section 2254 Cases indicates that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

See, e.g., Miles v. Schwarzenegger, 2008 WL 3244143, at *1 (E.D. Cal. Aug. 7, 2008) (dismissing habeas petition pursuant to respondent's motion to dismiss for failure to state a claim). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III. Analysis

  First, as noted by respondent, Proposition 9, approved by California voters in 2008, amended California Penal Code § 3041.5[1] to defer subsequent parole consideration hearings for longer periods of time. Id. Petitioner has confirmed that he is not challenging California Penal Code § 3041.5. (Opp'n. at 1.) Thus, the court need not address California Penal Code § 3041.5 or Proposition 9.

  Second, the court notes that respondent is correct; there is no subpart (2) or (3) to California Penal Code § 3041(a). Id. The entire portion of Section 3041(a) reads as follows:

> In the case of any inmate sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Parole Hearings shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit. One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. No more than one member of the panel shall be a deputy commissioner. In the event of a tie vote, the matter shall be referred for an en banc review of the record that was before the panel that rendered the tie vote. Upon en banc review, the board shall vote to either grant or deny parole and render a statement of decision. The en banc review shall be conducted pursuant to subdivision (e). The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude with respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may

---

[1] This statute governs parole hearings, rights of prisoners, written statements by the parole board, rehearings and requests to advance parole hearings. Id. There is no mention of good-time or work-time credits in California Penal Code § 3041.5.

> issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced and other factors in mitigation or aggravation of the crime. At least one commissioner of the panel shall have been present at the last preceding meeting, unless it is not feasible to do so or where the last preceding meeting was the initial meeting. Any person on the hearing panel may request review of any decision regarding parole for an en banc hearing by the board. In case of a review, a majority vote in favor of parole by the board members participating in an en banc review is required to grant parole to any inmate.

Cal. Penal Code § 3041(a). Although petitioner contends he is challenging California Penal Code § 3041(a)(2)(3), no such subparts exist, so this court need not address this statute.

Third, petitioner insists he is not challenging parole hearings or denials of parole. (Opp'n at 1.) This denial is made despite his reliance on Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010). (Opp'n at 2-3.) It does not appear petitioner claims an increase in duration between parole hearings violates the Ex Post Facto Clause. See Gilman v. Davis, 690 F.Supp.2d 1105 (E.D. Cal. 2010). Rather, petitioner appears to argue that he is being exposed to a significant risk of prolonged incarceration by virtue of a deprivation of good-time and/or work-time conduct credits in violation of the Ex Post Facto Clause. (Opp'n at 2.)

The United States Constitution prohibits states from passing any "ex post facto Law." U.S. Const., Art. I, § 10. A law is an ex post facto law if it meets two conditions. First, "it must apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003). It must also disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. The ex post facto prohibition applies in the context of prison time credits. Weaver, 450 U.S. at 29 (ex post facto prohibition applied to state statute reducing the amount of good time credits which could be earned by prisoners); Hunter, 336 F.3d at 1011 (ex post facto prohibition applied to regulations that eliminated restoration of forfeited good time credits for serious infractions). In the context of

prison time credits, "the core question for ex post facto purposes is whether the changed law imposes 'punishment more severe than the punishment assigned by law when the act to be punished occurred.'" Hunter, 336 F.3d at 1011 (quoting Weaver, 450 U.S. at 30.)

Here, however, as noted by respondent, petitioner has failed to articulate a specific deprivation of credits, but references only a theoretical deprivation of such credits. Petitioner is correct that under California law, "good time" credits are a right, rather than a discretionary award, and therefore he has a liberty interest in good time credits for purposes of determining whether his due process rights are violated. See Hayward, supra. However, in order to bring this claim in federal court, petitioner must demonstrate that he has suffered an injury-in-fact or that the alleged deprivation is (a) concrete and particularized and (b) actual or imminent, not just speculative or hypothetical. Lujan, 504 U.S. at 560; see also Matter of Extradition of Lang, 905 F.Supp. 1385, 1397 (C.D.Cal. 1995) (mere unconstitutionality of statute does not create standing as plaintiff must claim some particularized injury resulting from application of statute). A "speculative and attenuated possibility" of increasing an inmate's punishment is "insufficient to violate the ex post facto clause." Hunter, 6 F.3d at 1012 (quoting California Department of Corrections v. Morales, 514 U.S. 499, 509 (1995)).

In addition, petitioner has failed to accurately identify the changed law petitioner believes has deprived him of good time or work time credits.

Accordingly, respondent's motion to dismiss the amended petition for failure to state a cognizable claim for federal habeas relief must be granted. However, in an abundance of caution, petitioner will be granted leave to file a second amended petition. If petitioner chooses to file a second amended petition, he must accurately identify the statute or regulation he claims has worked a deprivation of his good time or work time credits. He must also include facts supporting his claim.

////

////

IV. Conclusion

      For all of the above reasons, IT IS HEREBY ORDERED that:

      1. Respondent's August 6, 2010 motion to dismiss (dkt. no. 14) is granted;

      2. The amended petition for writ of habeas corpus is dismissed; and

      3. Within thirty days from the date of this order, petitioner shall complete the attached Notice of Amendment and submit the following documents to the court:

      a. The completed Notice of Amendment; and

      b. An original and one copy of the Second Amended Petition.

Plaintiff's second amended petition must bear the docket number assigned this case and must be labeled "Second Amended Petition"; failure to file a second amended petition in accordance with this order may result in the dismissal of this action.

DATED: September 8, 2010

                                                      /s/ Kendall J. Newman  
                                                      KENDALL J. NEWMAN  
                                                      UNITED STATES MAGISTRATE JUDGE

esco2204.mtd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ESCOBEDO,

    Petitioner,               No. 2:09-cv-2204 WBS KJN P

    vs.

J. HARTLEY, Warden,

    Respondent.           <u>NOTICE OF AMENDMENT</u>

_____/

    Petitioner hereby submits the following document in compliance with the court's order filed _____:

    _____   Second Amended Petition

DATED:

                                              _____
                                              Petitioner