IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ESCOBEDO, JR.,

    Petitioner,                    No. 2:09-cv-2204 KJN P

    vs.

J. HARTLEY, Warden,               ORDER AND

    Respondent.               ORDER TO SHOW CAUSE

_____/

        Petitioner is a state prisoner proceeding without counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order filed October 22, 2010, respondent was ordered to file, within sixty days, a response to the second amended petition. On January 14, 2011, petitioner filed a motion for release based on respondent's failure to timely respond. It appears petitioner seeks entry of default based on respondent's failure to timely comply with this court's October 22, 2010 order.

        A petitioner is not entitled to a default judgment where a respondent fails to respond to a petition for writ of habeas corpus. Title 28 U.S.C. § 2241(c)(3) provides that the writ of habeas shall not extend to a prisoner unless he is in custody in violation of the Constitution, laws, or treaties of the United States. Id. Section 2243 provides that the Court shall summarily hear and determine the facts and dispose of the matter as law and justice require.

1

Id. It is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States. Miller-El v. Cockrell, 537 U.S. 322, 358 n.3 (2003). A failure by a respondent to comply timely with the deadlines set by the Court does not relieve a petitioner of this burden of proof or entitle him to entry of a default or a default judgment. Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); see also Bleitner v. Welborn, 15 F.3d 652, 653 (7th Cir. 1994) (no entitlement to default judgment because of an untimely response); United States ex rel. Mattox v. Scott, 507 F.2d 919, 924 (7th Cir. 1974) (late filing of a motion to dismiss did not entitle a petitioner to entry of default); Bermudez v. Reid, 733 F.2d 18, 21 (2nd Cir. 1984) (late filing of an answer did not justify default judgment).

However, respondent will be directed to show cause why sanctions should not be imposed for failure to timely comply with this court's order.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's January 14, 2011 motion is denied; and

2. Within five days from the date of this order respondent shall file and serve an answer to the second amended petition for writ of habeas corpus or a motion to dismiss and shall show cause in writing why sanctions should not be imposed for the failure to file the answer or motion to dismiss timely.

3. The Clerk of the Court is directed to serve a copy of this order on Supervising Deputy Attorney General Jennifer A. Neill.

DATED: January 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

esco2204.102