IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT ESCOBEDO,

    Petitioner,               No. 2:09-cv-2204 WBS KJN P

    vs.

J. HARTLEY, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

        Petitioner is a state prisoner proceeding without counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's renewed motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. For the reasons stated below, the court recommends that respondent's motion to dismiss be granted, and, in light of petitioner's three failed efforts to file a petition that states a cognizable habeas corpus claim, the petition be dismissed with prejudice, without leave to amend.

        In 1996, petitioner was convicted in the Sacramento County Superior Court of second degree murder with the use of a firearm, and was sentenced to an indeterminate term of 19 years to life in state prison. On October 8, 2010, petitioner filed a second amended petition for writ of habeas corpus, alleging that the retroactive application of Proposition 9, and

California Penal Code §§ 3041.5 and 3041(a), denies petitioner the fundamental right and liberty interest he holds in good-time and work-time conduct credits without due process of law. (Dkt. No. 19 at 7.) While not entirely clear, it appears petitioner contends he is being held beyond his Minimum Eligible Release Date because he is being denied those credits without due process. (Id.)

On January 25, 2011, respondent renewed the motion to dismiss, alleging this action should be dismissed based on petitioner's failure to allege an actual injury, and failure to exhaust any claim concerning the October 5, 2010 parole hearing. (Dkt. No. 24.) Petitioner filed an opposition on October 8, 2010, confirming that he is not challenging the denial of parole on October 5, 2010 (dkt. no. 26 at 3), and is not challenging multiple year parole denials (dkt. no. 26 at 2). Petitioner reinforces his claim that "the legislative change in law Proposition 9, and Cal. Penal Code § 3041(a),[1] . . . exposes petitioner to a sufficient risk of prolonged incarceration, in

---

[1] California Penal Code § 3041(a) provides:

> In the case of any inmate sentenced pursuant to any provision of law, other than Chapter 4.5 (commencing with Section 1170) of Title 7 of Part 2, the Board of Parole Hearings shall meet with each inmate during the third year of incarceration for the purposes of reviewing the inmate's file, making recommendations, and documenting activities and conduct pertinent to granting or withholding postconviction credit. One year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall again meet with the inmate and shall normally set a parole release date as provided in Section 3041.5. No more than one member of the panel shall be a deputy commissioner. In the event of a tie vote, the matter shall be referred for an en banc review of the record that was before the panel that rendered the tie vote. Upon en banc review, the board shall vote to either grant or deny parole and render a statement of decision. The en banc review shall be conducted pursuant to subdivision (e). The release date shall be set in a manner that will provide uniform terms for offenses of similar gravity and magnitude with respect to their threat to the public, and that will comply with the sentencing rules that the Judicial Council may issue and any sentencing information relevant to the setting of parole release dates. The board shall establish criteria for the setting of parole release dates and in doing so shall consider the number of victims of the crime for which the inmate was sentenced

2

violation of ex post facto, and by virtue of deprivation of good-time, work-time conduct credits." (Dkt. No. 26 at 5.) Respondent filed a reply on February 25, 2011, noting that petitioner apparently challenges "an unidentified deprivation of an unspecified number of good-time, work-time and/or conduct credits." (Dkt. No. 27 at 1.)

II. Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4, Rules Governing Section 2254 Cases; see also White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (meritorious motions to dismiss permitted under Rule 4); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated"). However, a petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

III. Analysis

First, because petitioner has confirmed he is not challenging the October 5, 2010 parole hearing, the court need not address respondent's motion to dismiss on exhaustion grounds.

Second, Proposition 9, approved by California voters in 2008, amended California Penal Code § 3041.5 to defer subsequent parole consideration hearings for longer periods of

////

---

and other factors in mitigation or aggravation of the crime. At least one commissioner of the panel shall have been present at the last preceding meeting, unless it is not feasible to do so or where the last preceding meeting was the initial meeting. Any person on the hearing panel may request review of any decision regarding parole for an en banc hearing by the board. In case of a review, a majority vote in favor of parole by the board members participating in an en banc review is required to grant parole to any inmate.

Id.

3

time.² Id. It appears petitioner is not challenging California Penal Code § 3041.5. Thus, the court need not address California Penal Code § 3041.5 or Proposition 9.

Third, it does not appear that petitioner claims an increase in duration between parole hearings violates the Ex Post Facto Clause.³ Rather, it appears petitioner is again attempting to argue that he is being exposed to a significant risk of prolonged incarceration by virtue of an unidentified deprivation of good-time, work-time, and/or conduct credits in violation of the Ex Post Facto Clause.

The United States Constitution prohibits states from passing any "ex post facto Law." U.S. Const., Art. I, § 10. A law is an ex post facto law if it meets two conditions. First, "it must apply to events occurring before its enactment." Weaver v. Graham, 450 U.S. 24, 29 (1981). "In other words, it must be retrospective." Hunter v. Ayers, 336 F.3d 1007, 1011 (9th Cir. 2003). It must also disadvantage the person affected by either altering the definition of criminal conduct or increasing the punishment for the crime. Id. The ex post facto prohibition applies in the context of prison time credits. Weaver, 450 U.S. at 29 (ex post facto prohibition

---

² California Penal Code section 3041.5 ("Marsy's Law") has been amended several times since the date of petitioner's conviction to allow for longer periods of time between parole suitability hearings. Ex Post Facto challenges to those amendments have all been rejected. See Cal. Dep't of Corr. v. Morales, 514 U.S. 499, 509 (1995) (1981 amendment to Cal. Penal Code § 3041.5, which increased maximum deferral period of parole suitability hearings to five years did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Garner v. Jones, 529 U.S. 244, 251-52 (2000) (retroactive application of Georgia Board's amended rule, changing frequency of required reconsideration hearings for inmates serving life sentences from every three years to every eight years, did not necessarily violate Ex Post Facto Clause); Wilkinson v. Dotson, 544 U.S. 74 (2005) (inmates are not required to bring their challenges to the constitutionality of state parole procedures in habeas petitions exclusively, but may pursue their claims in § 1983 actions).

³ The Ninth Circuit recently overturned a district court decision in Gilman v. Davis, 690 F.Supp.2d 1105 (E.D. Cal. 2010), granting preliminary injunctive relief to plaintiffs in a class action seeking to prevent the Board from enforcing the increased deferral periods established by a recent amendment to Cal. Penal Code § 3041.5. Gilman v. Schwarzenegger, ___ F.3d ___, 2011 WL 198435 (9th Cir. Jan. 24, 2011). The court concluded that plaintiffs had failed to demonstrate a significant risk that their incarceration would be prolonged by application of Marsy's Law, and thus found that plaintiffs had not established a likelihood of success on the merits of their ex post facto claim. Id.

4

1 applied to state statute reducing the amount of good time credits which could be earned by
2 prisoners); Hunter, 336 F.3d at 1011 (ex post facto prohibition applied to regulations that
3 eliminated restoration of forfeited good time credits for serious infractions).  In the context of
4 prison time credits, "the core question for ex post facto purposes is whether the changed law
5 imposes 'punishment more severe than the punishment assigned by law when the act to be
6 punished occurred.'"  Hunter, 336 F.3d at 1011 (quoting Weaver, 450 U.S. at 30.)

7 However, in the instant action, petitioner has again failed to articulate a specific
8 deprivation of credits, but references only a theoretical deprivation.  Indeed, petitioner refers to
9 his injury as a "significant risk of prolonged incarceration." (Dkt. No. 26 at 4.)  Petitioner does
10 not state any specific facts concerning the application of the cited laws to him.  Petitioner fails to
11 identify the date, participants, or substance of any particular hearing or decision by any parole
12 authority, disciplinary body, or prison official.  Petitioner does not provide any facts concerning
13 any specific loss of time credit or otherwise set forth any specific dates or figures.  Petitioner
14 merely speculates about the application of the challenged laws to him, and his potentially having
15 been detained for a longer period as a result.

16 In order to bring this claim in federal court, petitioner must demonstrate that he
17 has suffered an injury-in-fact or that the alleged deprivation is (a) concrete and particularized and
18 (b) actual or imminent, not just speculative or hypothetical.  Lujan v. Defenders of Wildlife, 504
19 U.S. 555, 540, 560 (1992); see also Matter of Extradition of Lang, 905 F.Supp. 1385, 1397 (C.D.
20 Cal. 1995) (mere unconstitutionality of statute does not create standing as plaintiff must claim
21 some particularized injury resulting from application of statute).  A "speculative and attenuated
22 possibility" of increasing an inmate's punishment is "insufficient to violate the ex post facto
23 clause."  Hunter, 6 F.3d at 1012 (quoting Morales, 514 U.S. at 509).

24 On this record, the court cannot determine how petitioner's rights may have been
25 violated by the application of the challenged laws to petitioner; petitioner has failed to provide
26 any factual context about specific parole decisions or deprivations of identified time credits.

5

Petitioner's vague assertions and conclusory allegations are insufficient to state a habeas claim. Habeas Rule 2(c); See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).

Based on the absence of facts in support of the second amended petition, it does not appear that granting relief would result in petitioner's earlier release. Therefore, petitioner has failed to demonstrate his confinement is unlawful or is being unlawfully prolonged.

Finally, to the extent petitioner contends he is being held beyond his minimum eligible parole date ("MEPD"), petitioner is advised that regardless of an inmate's MEPD, he will not be released on parole until the Board of Parole Hearings ("Board") finds him suitable for parole. Cal. Code Regs. tit. 15, § 2000(b)(67). Once an inmate is found suitable for parole, the actual term of incarceration is not determined by the statutory credits, but by the Board. Id.; Cal. Code Regs. tit. 15, §§ 2401(a), 2403. The Board sets a base term of confinement, and has the discretion to shorten that term through a separate post-conviction credit scheme. Cal. Code Regs. tit. 15, §§ 2403, 2401. Therefore, the duration of an inmate's incarceration on a life term is determined by the Board, not by statutory credit earnings and losses.

Accordingly, respondent's motion to dismiss the second amended petition for failure to state a cognizable claim for federal habeas relief should be granted. In light of petitioner's three failed efforts to state a cognizable habeas claim, the dismissal will be with prejudice.

IV. Conclusion

For all of the above reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's January 25, 2011 motion to dismiss (dkt. no. 24) be granted;

2. The second amended petition for writ of habeas corpus be dismissed with prejudice.

////

1   These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3 one days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files
6 objections, he shall also address whether a certificate of appealability should issue and, if so, why
7 and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if
8 the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.
9 § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after
10 service of the objections.  The parties are advised that failure to file objections within the
11 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
12 F.2d 1153 (9th Cir. 1991).
13 DATED:  March 4, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

esco2204.mtdb